PROB 12C
(06/17)

May 27, 2022
pacts id 3666823

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Christian Yepiz-Fonseca (English)     **Dkt. No.:** 20CR00686-001-WQH

**Reg. No.:** 62955-298

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class C felony.

**Date of Revocation Sentence:** May 23, 2022

**Sentence:** Time served (61 days' custody); 30 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** May 23, 2022

**Asst. U.S. Atty.:** Carling E. Donovan     **Defense Counsel:** Julie Blair
(Appointed)
619-719-1419

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS) | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame. | 1. On or about May 23, 2022, Mr. Yepiz-Fonseca was released from custody, and he failed to report to the U.S. Probation Office within 72 hours of his release from imprisonment, as directed. |

*Grounds for Revocation:* As to allegation 1, records reflect Mr. Yepiz-Fonseca was released from federal custody on or about May 23, 2022. To date, Mr. Yepiz-Fonseca has had no contact with the probation officer, nor has he reported to the probation office for supervision instructions, as required.

| | |
|---|---|
| **(Special Condition)** Enroll in and successfully complete a residential drug treatment program as directed by the probation officer. | 2. On May 23, 2022, Mr. Yepiz-Fonseca failed to enter and successfully complete a residential drug treatment program, as ordered by Your Honor. |

*Grounds for Revocation:* As to allegation 2, on May 23, 2022, during Mr. Yepiz-Fonseca's revocation of supervised release hearing, Your Honor sentenced Mr. Yepiz-Fonseca to time served, and as a special condition of supervision, ordered Mr. Yepiz-Fonseca to enter a residential drug treatment program, as directed by the probation officer. On May 23, 2022, Mr. Yepiz-Fonseca was release from federal custody, and to date, he has failed to enter a residential drug treatment program.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Yepiz-Fonseca did not report to the U.S. Probation Officer after his release from custody. At this time, Mr. Yepez-Fonseca has made himself unavailable for supervision and his current whereabouts are unknown. However, it is noted that at the time of his revocation hearing, Mr. Yepiz-Fonseca, through his attorney, requested the opportunity to enter residential drug treatment. Options were discussed in open court and Mr. Yepiz-Fonseca agreed to enter one of the two Christian-based programs located in Imperial County when released from custody. Unfortunately, it appears Mr. Yepiz-Fonseca only claimed to want to receive treatment in order to benefit from early release from custody.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Yepiz-Fonseca is a 36-year-old Hispanic male. He last reported residing at his father's residence in Mexicali, B.C., Mexico, with his girlfriend. At this time, Mr. Yepiz-Fonseca's employment situation is unknown, however, it is noted Mr. Yepiz-Fonseca has worked as a field laborer in the past.

As to substance abuse, Mr. Yepiz-Fonseca reported a long struggle with alcohol, marijuana and methamphetamine abuse. He has a lengthy criminal history (category V), that appears to be tied to his substance abuse addiction.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report to the probation office within 72 hours of release from custody, and failure to enter and successfully complete a residential drug treatment program) constitutes Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>33 months and 29 days</u> supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 61 days' custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Mr. Yepiz-Fonseca has a significant criminal record (criminal history category V), as well as a substantial history of substance abuse that he is unwilling to address, despite the attempted interventions by the Court and probation officer. In order to protect himself and the community, the undersigned believes that he issuance of a warrant is justified and appropriate at this time.

### RECOMMENDATION/JUSTIFICATION

Mr. Yepiz-Fonseca has evidently refused to address his substance abuse addiction that has caused him numerous problems in his life and with the criminal justice system. Recently, he was given the opportunity to address his addiction head on by participating in a residential drug treatment program. Unfortunately, Mr. Yepiz-Fonseca opted to not report to supervision when release and enter a residential drug treatment program as he had been ordered to do by Your Honor.

At this time, it is apparent Mr. Yepiz-Fonseca is either unable, or unwilling, to comply with the directives of the Court. In addition, due to Mr. Yepiz-Fonseca's continued disregard of the Court orders and his lack of motivation to address his addiction, the probation officer sees no other alternative but to respectfully recommend Mr. Yepiz-Fonseca's term of supervised release be revoked. Should Your Honor agree, it is further recommended Mr. Yepiz-Fonseca be sentenced to 13 months' custody, which is the high-end of the suggested recommended revocation range. Reimposition of a term of supervised release is not recommended as Mr. Yepiz-Fonseca has shown he is unmotivated and unwilling to comply with the orders of the Court.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: May 27, 2022**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

Reviewed and approved:

by _____
Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

_____
Larry Huerta
Supervisory U.S. Probation Officer

PROB12CW                                                                May 27, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Yepiz-Fonseca, Christian

2. **Docket No.** (Year-Sequence-Defendant No.): 20CR00686-001-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to report to the probation officer within 72 hours of release from custody | C |
| Failure to enter and successfully complete a residential drug treatment program | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))      [  C  ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))            [  V  ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))        [ 7 to 13 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____   Community Confinement _____
   Fine($)         _____   Home Detention          _____
   Other           _____   Intermittent Confinement _____

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable William Q. Hayes
Senior U.S. District Judge

5/27/2022
Date